1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

28620 GORDON HILL RD. TRUST
DATED 10/2/2015,

                                    Plaintiff,

        v.

CHRISTOPHER J. EASTERLING,
*ET AL.*,

                                    Defendants.

Case No.  15-cv-02671-BAS(JLB)

**ORDER REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

On October 7, 2015, plaintiff 28620 Gordon Hill Rd. Trust dated 10/2/15, U.S. Financial L.P., as trustee, ("Gordon Hill Trust") commenced this unlawful detainer action based on California Civil Procedure Code §§ 1161, *et seq.* against defendants Christopher J. Easterling and Rhonda L. Easterling in the San Diego Superior Court. On October 27, 2015, Feliciano V. Guevarra II was added as a defendant.  (ECF No. 1-2 at 27.)  On November 30, 2015, Defendants removed this action to federal court on the basis of diversity jurisdiction.

For the following reasons, the Court finds that Defendants' Notice of Removal is deficient and **REMANDS** this action to the San Diego Superior Court.

///

15cv2671

# I.      BACKGROUND

This case stems from the purportedly unlawful detention of real property located 28620 Gordon Hill Road, Valley Center, CA 92082 ("the Property"). Specifically, Plaintiff alleges that Defendants have been in possession of the Property without Plaintiff's authorization or consent since October 2, 2015.  (ECF No. 1-2 at Ex. A, Complaint ("Compl.") at ¶ 7.)  On or about that date, Plaintiff became the owner of the Property by purchasing the Property in a trustee's sale following foreclosure proceedings.  (*Id.* at ¶ 5.)

Plaintiff filed its complaint on October 7, 2015 in California Superior Court for the County of San Diego.  In the complaint, Plaintiff seeks restitution and possession of the Property and damages and costs of suit.  On November 30, 2015, Defendants filed a notice of removal, alleging diversity jurisdiction.  (ECF No. 1.) On the same day, Defendants Christopher J. Easterling and Feliciano V. Guevarra, II also filed applications to proceed *in forma pauperis*.  (ECF Nos. 2, 3.)

# II.     LEGAL STANDARD

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree."  *Id.* (internal citations omitted).  "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Gaus*, 980 F.2d at 566; *see also*

*Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380.  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

It is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004).  Courts may consider the issue *sua sponte*.  *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984).  Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'"  *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

## III.   ANALYSIS

In attempting to invoke this Court's diversity jurisdiction, a defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  To determine whether the amount in controversy has been met on removal, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).  In cases in which the plaintiff's state court complaint does not specify an exact damage figure, the removing defendant "must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the federal diversity jurisdictional amount requirement.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  Here, Defendants fail to satisfy the amount in controversy requirement.  *See* 42 U.S.C. § 1332.

Defendants assert in the Notice of Removal that the "amount in controversy exceeds $75,000."  (ECF No. 1 at ¶ 3.)  However, the complaint filed in San Diego Superior Court was filed as a "Limited Civil Case" seeking less than $10,000.  (Compl. at p. 1.)  The prayer for relief seeks "damages at the rate of $133.33 per day

from October 6, 2015, and for each day thereafter that Defendants remain in possession of the subject premises." (*Id*. at p. 4.)  Given the length of time that has accrued, the damages sought may exceed $10,000, but Defendants have not demonstrated that it is more likely than not that the amount in controversy will exceed $75,000.  Defendants do not specify in the Notice of Removal how they determined that the amount in controversy "exceeds $75,000," but if they were considering the value of the property, their calculations were in error.  In unlawful detainer actions, the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy.  *See Litton Loan Servicing, L.P. v. Villegas*, No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (citing *Evans v. Super. Ct*., 67 Cal. App. 3d 162, 170 (1977)).  Accordingly, Defendants have failed to meet the amount in controversy threshold required to establish federal diversity jurisdiction.  *See* 42 U.S.C. § 1332.

## IV.   CONCLUSION & ORDER

Because Defendants fail to establish diversity jurisdiction as required by 28 U.S.C. §§ 1332 and 1441, removal was improper and the Court **REMANDS** this action to the San Diego Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  Additionally, the Court **TERMINATES AS MOOT** Defendants' motions to proceed *in forma pauperis* (ECF Nos. 2, 3), Plaintiff's motion to remand (ECF No. 4), and Defendants' motion to strike and motion to dismiss (ECF Nos. 8, 10.).

**IT IS SO ORDERED.**


**DATED: January 5, 2016**

Hon. Cynthia Bashant
United States District Judge

– 4 –

15cv2671